# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| HERMAN FRANCIS DELONE, JR., | : | Bankruptcy No. 06-11087DWS |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion of Wilshire Credit Corporation as Servicer for Homecomings Financial Network, Inc. to Dismiss Case with Prejudice, 180-Day Bar and for In Rem Relief ("Wilshire Motion"); (2) Order to Show Cause why this case should not be dismissed for failure to pay the filing fee in the amount of $274 ("Show Cause Order"); and (3) the Debtor's Motion to Convert Case under Chapter 7 to Case under Chapter 13 ("Debtor's Motion"). For the reasons that follow, this case will be dismissed with a 180-day bar against refiling any further bankruptcy case without leave of court. The Debtor's Motion is denied.

**BACKGROUND**

On September 21, 2005 I entered an order with findings (the "September Order") granting Wilshire's motion for relief from stay in Debtor's prior Chapter 13 case, 05-13430.

My findings in the September Order are incorporated herein but will be repeated to the extent relevant to Debtor's latest effort to stay Wilshire from exercising its state law remedies. Notably I did not give Wilshire immediate relief when requested but rather entered a preliminary order allowing Debtor to secure a bankruptcy attorney[1] to cure the patent defects in his Chapter 13 plan and ordered him to make a current mortgage payment to Wilshire as a condition of the relief granted.  That payment, the only mortgage payment Debtor has made since a judgement in mortgage foreclosure was entered in March 2003, was tendered but no attorney was retained.  Moreover, while an amended Chapter 13 plan was filed, it was even more legally deficient than the existing plan.  Recognizing that Debtor had filed two prior Chapter 13 cases, Exhibits M-1 and M-2, both of which were dismissed on motions filed by the Chapter 13 trustee for lack of payment, and that the amended plan was patently unconfirmable notwithstanding the opportunity given to Debtor to remedy that defect, I granted relief from stay to Wilshire.

On October 28, 2005 I entered a further Order in case no. 05-13430 (the "October Order") denying confirmation of the Debtor's amended plan, granting the Chapter 13 trustee's motion to dismiss and denying the Debtor's motion for a stay of the September Order pending the appeal Debtor had filed to the district court.  The October Order is likewise incorporated herein.  On February 13, 2006, Senior District Court Judge John Fullam affirmed the September and October Orders which Debtor had appealed, stating that "[t]he proposed plan would extend far beyond the permissible five-year span, would impermissibly modify the terms of the mortgage, and would be unfair to creditors.

---

[1] Debtor is an attorney himself but claimed no knowledge of bankruptcy.

Exhibit M-9.  Debtor  appealed this decision to the Third Circuit Court of Appeals on March 16, 2006.  Exhibit M-10.

Having been denied a stay pending appeal pursuant to Bankruptcy Rule 8005, Debtor gained the advantage of the automatic one available through § 362 of the Bankruptcy Code by filing yet another bankruptcy case, this time under Chapter 7, on March 16, 2006. Notably he has not complied with many of the requirements of the Bankruptcy Code. He has failed to pay the filing fee[2] and to fulfill the requirement that a consumer debtor obtain credit counseling during the 180 days preceding the filing of a bankruptcy petition. 11 U.S.C. § 109(h)(1).  The Certificate of Credit Counsel ing Debtor filed evidences credit counseling received on March 30, 2006 when his case was filed on March 16th.[3] Debtor also failed to appear at two scheduled § 341 meetings of creditors.  Notwithstanding the nonperformance of his statutory duties, he has filed a motion to convert his Chapter 7 case to one under Chapter 13.

In defense of Wilshire's Motion, Debtor made the same claims that were advanced in the last case, i.e., that he does not have a mortgage obligation to Homecomings Financial that Wilshire, as servicer can enforce.  I ruled to the contrary in the September Order.[4]

---

[2] At the hearing on the Show Cause Order, Debtor stated he did not have the money to pay the fee.

[3] The exception to that requirement for exigent circumstances was also not established. Debtor did not file a certificate stating exigent circumstances existed and that counseling was unavailable within five days of the request for same. 11 U.S.C. § 109(h)(3)(A).

[4] Homecomings is the assignee of Washington Mutual Bank FA pursuant to an Assignment of Mortgage dated September 24, 2004.  Exhibit M-13, M-14.  Debtor recognizes Washington Mutual as his mortgagee but not Homecomings.

**DISCUSSION**

<u>A.</u>

Section 707(a) provides that a court may dismiss a case under this chapter for cause, including (1) unreasonable delay that is prejudicial to creditors; (2) nonpayment of any fees and charges required under 28 U.S.C. § 1911 <u>et</u> <u>seq</u>.; and (3) failure of the debtor in a voluntary case to file within the requisite time the documents required by § 521. These enumerated grounds, however, are not exclusive,[5] and it is well established law in this Circuit that bad faith in filing the Chapter 7 petition also constitutes cause for dismissal. <u>Tamecki v. Frank</u>, 29 F.3d 205 (3d Cir. 2000) (good faith is an implicit jurisdictional prerequisite to filing for chapter 7 relief).[6] In determining the existence of bad faith it is appropriate to examine prepetition as well as postpetition events. <u>In re Horan</u>, 304 B.R. 42, 45 (D. Conn. 2004). Finally the case law that has developed under § 109(h) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") is

---

[5] The use of the preface "including" is expressly intended not to be limiting. 11 U.S.C. § 102(3). See <u>Huckfelt v. Huckfelt (In re Huckfeld),</u> 39 F.3d 829,831 (8th Cir. 1994) (use of introductory word "including" means the three specific examples of "cause" in § 707(a) are nonexclusive); <u>Industrial Insurance Services, Inc. v. Zick</u>, 931 F.2d 1124, 1126 (6th Cir. 1991) (construing "including" to mean lack of good faith as cause for dismissal under § 707(a).

[6] Section 707(b) was substantially modified by BAPCPA creating a presumption of abuse in certain cases. Bad faith, however, still remains cause for dismissal even if the presumption of abuse is rebutted or does not arise. <u>See</u> 11 U.S.C. § 707(b)(3). Notably, however, in placing the bad faith grounds in subsection (b) versus (a), Congress eliminated the possibility of a party moving for dismissal on bad faith grounds if the debtor is under the median income threshold. It is hard to know whether Debtor is under the median income level since his Statement of Monthly Income is at odds with his Schedule I, and he did not appear at the § 341 meeting to explain the discrepancy. In any event, such motions may be made by the court. 6 Collier on bankruptcy ¶ 707.03[2], at 707-21 (15th ed. rev. 2005). Moreover, the Debtor's lack of good faith is also relevant to whether the sanctions should be imposed as to future bankruptcy relief.

uniform in holding that prepetition credit counseling is an eligibility requirement and where it is evident that the Debtor has not received it nor demonstrated eligibility for the limited extension or waiver of the requirement, the case will be dismissed.  E.g. In re Seaman, 340 B.R. 698, 706 (Bankr. E.D.N.Y. 2006); In re Rodriguez, 336 B.R. 462, 477(Bankr. D. Idaho 2005).

It is beyond peradventure that this court has the authority to dismiss this case for Debtor's failure to pay the statutory filing fee, secure prepetition credit counseling and attend the meeting of creditors mandated by § 341.[7]  His disregard of the duties statutorily required of a Chapter 7 debtor further underscores what was already apparent from Debtor's prior bankruptcy history:  the filing of this petition was in bad faith and intended to cause unreasonable delay prejudicial to Wilshire by blocking its attempts at exercising state law remedies in connection with a judgment in mortgage foreclosure received over three years ago.  Debtor was given a hearing to explain his failure to pay the fees as ordered and simply stated he did not presently have the $294 required to satisfy that obligation.  This statement flies in the face of his Schedule I which states that he has net monthly income of $2,225 and his wife an additional $1,550.

---

[7] While Debtor has nominally filed all the required documents, a closer scrutiny reveals that they are inconsistent.  For example, the Schedule I shows combined monthly income of $4,050 but the Schedule J recites a different figure.  Indeed the Schedule J appears to a copy of the Schedule J used in his prior Chapter 13 case.  Nor does the Schedule I appear consistent with the Statement of Current Monthly Income and Means Test Calculation.  That document shows gross receipts of $6,500 for six months whereas Schedule I indicates business income of $25,000 for the past twelve months.  While it is possible that Debtor, a self-employed lawyer, could have had a big fee more than six months ago, Debtor did not appear at his § 341 meeting where he would have been required to explain that apparent discrepancy.

The foregoing deficiencies would normally have resulted in the dismissal of his case when it became apparent on March 30 that he had not satisfied the counseling requirement. However, based on the Debtor's bankruptcy recidivism, a dismissal of the case without considering sanctions in the form of a bar against future filings would very likely have resulted in a new filing. That issue was framed by the pending Dismissal Motion, the hearing of which gave Debtor his last opportunity to make his case for bankruptcy relief. As noted above, he merely advanced the same arguments rejected by this and the district court.

It is patently clear to me that Debtor has no intention of accessing bankruptcy protection for any legitimate purpose, and that absent the requested restraint, he will return as soon as Wilshire seeks to exercise its state law remedies. While the recent amendments to the Bankruptcy Code embodied in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, address such abuses of the law by imposing limits on the availability of the automatic stay to repeat filers, the statutory relief is not complete in this case. While any subsequent filing within a year of the dismissal of this case would be subject to the stay limitations set forth in § 362(c)(3), a new petition would still impose a temporary automatic stay and an opportunity for Debtor to renew his arguments in the form of a motion for a stay extension. Neither Wilshire nor the other creditors represented by the Chapter 13 trustee should have to respond to these frivolous actions. More significantly, Debtor would once again have succeeded through misuse of the law to obstruct a creditor from exercising its rightful contractual and state law remedies.

In appropriate circumstances where the facts evidence an abuse of the provisions, purposes and spirit of the Bankruptcy Code, this Court has joined other bankruptcy courts

that find that more than dismissal is warranted. In re Dami, 172 B.R. 6, 11 (Bankr. E..D. Pa. 1994).[8] In such a case, Bankruptcy Rule 9011, incorporating Fed.R.Civ.P.11, provides the authority for the sanctions that Wilshire seeks. As the Court in In re Jones, 117 B.R. 415, 420 (Bankr. N.D. Ind. 1990) stated:

> [W]here a debtor files a petition in bankruptcy with no intention of obtaining the benefits or the goals for which the proceeding was designed or with no intention of pursuing those proceeding[s] to their natural conclusion, the bankruptcy code is being abused and bankruptcy rule 9011 is being violated.

See also In re Narod, 138 B.R. 478, 482 (E.D. Pa. 1992) (sanctions imposed under Rule 9011 are not limited to expenses or fees). Other courts have relied on their discretionary power under Section 349, see, e.g., In re McKissie, 103 B.R. 189, 193 (Bankr. N.D. Ill. 1989); or Section 105, see, e.g., In re Earl, 140 B.R. 728, 741 (Bankr. N.D. Ind. 1992), to enjoin future filings to prevent abuse of the bankruptcy process. The court's ability to impose this sanction is necessary to maintain the integrity of the bankruptcy process and avoid burdening the court's docket with frivolous cases, thereby depleting valuable and limited court resources which could be channeled to meritorious cases.

---

[8] In Dami, the debtor had filed four unsuccessful bankruptcy cases over 3-1/2 years each on the eve of a mortgage foreclosure proceeding, thereby securing the benefit of the automatic stay to obstruct the mortgagee. His Schedules were replete with not only omissions but false statements about his assets and liabilities, income and expenditures, and his excuses for the state of his documents were found to be "lame and incredible." Importantly, I found that:

> this is the precise type of bankruptcy recidivism that mocks the bankruptcy system. There can be no question that Debtor's conduct is a flagrant abuse of the automatic stay provisions of the Bankruptcy Code, interposed for the sole purpose of harassment and delay and intended to cause Movant great cost and expense.

Id. at 11.

B.

Arguably the dismissal of this bankruptcy case with prejudice moots the Debtor's Motion. He unquestionably is not entitled to be a debtor in this Court. He has not paid the filing fee, he has not complied with the credit counseling requirement of § 109(h), and he has not attended the meeting of creditors mandated by § 341. Thus, he should not be granted the privilege of accessing another chapter of the Bankruptcy Code.

However, there is a further reason the Debtor's Motion should not be granted. While debtors in good standing are given the right to convert a Chapter 7 case to Chapter 13, that right is not accorded where it is apparent that the converted case is not proposed in good faith. In re Pakuris, 262 B.R. 330 (Bankr. E.D. Pa. 2001). It is apparent from the recitation of Debtor's bankruptcy history that Debtor has no intention of proceeding with a confirmable Chapter 13 plan. He did not do so in his prior two cases, filing repeated plans that simply ignored clear statutory requirements. Debtor is a lawyer and is charged with more than the average intelligence in statutory interpretation. Moreover, he was given the opportunity, at his request, to employ a bankruptcy lawyer but did not do so. He now contends that he does not have the ability to pay the court's filing fee but he wants to invoke Chapter 13 which requires regular income in order to fund monthly payments to the Chapter 13 trustee. 11 U.S.C. § 109(e).

There is no question that a Chapter 13 case can be reconverted to Chapter 7 under § 1307(c) for cause if it is not filed in good faith. On the recited facts, it is clear that reconversion (or dismissal) would quickly follow if the Debtor's Motion were granted.

It makes little sense to allow the Chapter 7 case to be converted to Chapter 13 only to be reconverted back to Chapter 7. 262 B.R. at 335. Where the conversion sought is a blatant manipulation of the Bankruptcy Code as intended by Debtor here, the otherwise right to convert to Chapter 13 must yield to avoid an abuse of the bankruptcy process. As I find that the requested conversion is intended for the sole purpose of continuing Debtor's obstruction of Wilshire's exercise of its rightful remedies without the prospect of a confirmable plan and as Debtor not only failed to perform his duties as a Chapter 7 debtor but suffered the dismissal of two prior Chapter 13 proceedings for failure to propose a confirmable plan and make current payments, conversion is simply unavailable to Debtor. With the transparent strategy underlying the Motion being to abuse the bankruptcy process, the Debtor's Motion shall be denied.

      An Order consistent with the foregoing Memorandum Opinion shall be entered.

                                                   DIANE WEISS SIGMUND
                                                   Chief U.S. Bankruptcy Judge

Dated:    May 31, 2006

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| HERMAN FRANCIS DELONE, JR., | : | Bankruptcy No. 06-11087DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 31st day of May 2006, upon consideration of the Motion of Wilshire Credit Corporation as Servicer for Homecomings Financial Network, Inc. to Dismiss Case with Prejudice, 180-Day Bar and for In Rem Relief; (2) Order to Show Cause why this case should not be dismissed for failure to pay the filing fee in the amount of $274; and (3) the Debtor's Motion to Convert Case under Chapter 7 to Case under Chapter 13, after notice and hearing and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that this case is **DISMISSED** with a 180-day bar against refiling any further bankruptcy case without leave of court. The Debtor's Motion to Convert is **DENIED**.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:

Herman Francis deLone, Jr.
478 St. Davids Avenue
Wayne, PA 19087

Herman Francis deLone, Jr.
P.O. Box 361
Wayne, PA 19087-0361

Stephen M. Hladik, Esquire
KERNS PEARLSTINE ONORATO & FATH LLP
425 West Main Street
P.O. Box 29
Lansdale, PA  19446-0029

Gloria Satriale, Esquire
One McKinley Lane
Chester Springs, PA 19425

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107